**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 05-67 (RWR) |
| | ) | |
| VERNON MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM ORDER**

Defendant Vernon Montgomery has filed a *pro se* motion titled "Notice of Appeal Pursuant to Habeas Corpus in a Pro Se Motion Forma Pauperis for Ineffective Counsel Representation to Petitioner, Violation of Constitutional Right and Due Process Clause for Speedy Trial Act Exceeding 30 Day Countdown Procedure USC 18 3161(b)."  Because Montgomery challenges the legality of his underlying conviction, rather than the execution of his sentence, his filing is properly construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  However, before the Court can formally recharacterize Montgomery's filing as a motion under § 2255, the Court must first comply with the holding in Castro v. United States, 540 U.S. 375 (2003), and inform Montgomery of the consequences that may result from the filing of a motion under § 2255.  See Castro, 540 U.S. at 382-83 ("[A] district court may not recharacterize a *pro se* litigant's motion as a request for

relief under § 2255 -- unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion."); United States v. Palmer, 296 F.3d 1135, 1145-47 (D.C. Cir. 2002).

Under the Supreme Court's directive, Montgomery is hereby advised of the following:

First, if the Court characterizes Montgomery's claim concerning the legality of his conviction as a § 2255 motion, Montgomery will not be able to file any further motions challenging his conviction or sentence unless the U.S. Court of Appeals for the District of Columbia Circuit authorizes him to file such a motion.  In this regard, Montgomery is advised that the Court of Appeals will not authorize him to file a second or successive § 2255 motion unless the motion contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that Montgomery is not guilty of the offenses of which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review and that was previously unavailable. See 28 U.S.C. § 2255(h).

Second, if the Court recharacterizes Montgomery's motion as a § 2255 motion, the motion will be subject to a one-year period

of limitations.  This period of limitations requires a court to dismiss a § 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which any governmental interference preventing defendant from filing such a motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made applicable to cases on collateral review; or (4) the date on which the facts supporting defendant's claims could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255(f).

Third, because of the consequences that may result if the Court characterizes this claim as a § 2255 motion, the Court will afford Montgomery the opportunity to withdraw his claim regarding the legality of his conviction, or amend it so that it contains all the claims he believes he has to challenge his conviction or sentence, before the Court characterizes his claim as a § 2255 motion.  In the event that Montgomery decides to withdraw this claim and file another motion in its place, Montgomery is advised that any motion attacking his conviction or sentence will be subject to the restrictions on § 2255 motions described in the above paragraphs.

Accordingly, it is hereby

ORDERED that Montgomery shall have up to and including sixty days from the date of this Order to withdraw the motion or amend it so that it contains all the § 2255 claims he thinks he may have.[1]  If the Court receives no timely response from Montgomery, the Court will recharacterize his motion as a motion filed under § 2255.

SIGNED this 4th day of December, 2013.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge

---

[1] Of course, Montgomery need not add any claims if he believes that his only claims are those which are described in Docket No. 125.  In that instance, Montgomery need merely file a short notice stating that he wishes to proceed with his *pro se* motion as it was filed with the Court.